UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WAYNE MICHAEL REAVIS, JR.**     CIVIL ACTION

**VERSUS**     NO.   17-2045

**DR. AHMED, ET AL.**     SECTION:   "H"(5)

## ORDER AND REASONS

The instant 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Wayne Michael Reavis, Jr., against defendants Dr. Ahmed, Dr. Michael White, Dr. Kelly, Dr. Artecona and East Louisiana Mental Health System.   He is currently an inmate at the Eastern Louisiana Mental Health System in Jackson, Louisiana.   Reavis complains generally that his constitutional rights were violated in connection with his arrest and prosecution on pending state criminal charges and mistreatment in the mental facility because officials believe he is Wayne Michael Reavis, *Sr.*   (Rec. Doc. 1, Complaint).   He requests monetary compensation and injunctive relief.   This is a non-dispositive pretrial matter that was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b)(1).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Wayne Michael Reavis, Jr., a frequent litigant in federal court, has filed numerous civil

actions while incarcerated. The Court's records establish that at least three of his prior §1983 complaints were dismissed as malicious, frivolous and/or for failure to state a claim upon which relief could be granted. *See Wayne Michael Reavis, Jr. v. State of Louisiana*, No. 16-16426 "F"(1) (E.D. La. 2016); *Wayne Michael Reavis, Jr. v. State of Louisiana "Workers" St. Tammany Sheriff,* No. 16-1692 "F"(5) (E.D. La. 2016); *Wayne Michael Reavis, Jr. v. James LeBlanc*, et al., No. 12-2261 "N"(5) (E.D. La. 2012). He has therefore accumulated three "strikes" under the PLRA.

He may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g), which applies to prisoners "under imminent danger of serious physical injury." In the present case, plaintiff has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Consequently, plaintiff is not entitled to proceed *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act.

Accordingly, **IT IS ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **DENIED**. 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this  13th  day of             March        , 2017.

_____
MICHAEL B. NORTH
**UNITED STATES MAGISTRATE JUDGE**